IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ARENA FOOD SERVICE, INC., ANGELO YANNONE, ANTHONY YANNONE, ANNA YANONE, JILL BONNETTE, SHAUN MOORE, and SHERRI MADONIA, <br><br> Plaintiffs, <br><br> v. <br><br> THE ESTATE OF LINDA YANNONE and BRIAN MCNAMARA, in his capacity as the Personal Representative of the Estate, <br><br> Defendants. | Case No. 25-cv-3311 |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants' Motion to Change Venue to the United States District Court for the Middle District of Florida. (Doc. 3). For the reasons that follow, Defendants' Motion to Change Venue is DENIED.

I.   **BACKGROUND**

Plaintiff Arena Food Service, Inc. ("Arena") filed a Complaint for Declaratory Judgment and Other Relief in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois. (Doc. 1-1). After removing the action to this Court, Defendants filed a Motion to Change Venue to the Middle District of Florida under 28 U.S.C. §§ 1391(b) and 1406(a). (Doc. 1). After Defendants' Motion to Change Venue was fully briefed, Plaintiffs were granted leave to file an Amended Complaint for Declaratory

Judgment and other Relief. (Doc. 21). The Amended Complaint added the shareholders of Arena stock as individual Plaintiffs and Brian McNamara, in his capacity as the Personal Representative of the Estate of Linda Yannone, as a Defendant.

In the Amended Complaint, Plaintiffs seek declaratory relief and specific performance relating to Arena's Shareholders' Agreement. (Doc. 21). When Linda Yannone died on or about December 28, 2024, she owned 258 shares of Arena stock. (*Id.* at ¶2). The Shareholders' Agreement provides that, in the event of the death of a shareholder, the remaining shareholders shall have an opportunity to purchase the deceased shareholder's shares at a value determined under Section 2 of the Agreement. (*Id.* at ¶4). Plaintiffs allege Defendants have refused to sell the shares owned by Linda Yannone at the time of her death. (*Id.*) Thus, Plaintiffs seek declaratory relief as to the price per share of the Arena stock held by the Estate of Linda Yannone, a finding that Defendants have breached the Agreement, and a declaration that the personal representative of the Estate is obligated to extend the opportunity to purchase the Estate's remaining shares at that price. (*Id.* at ¶5).

## II.  DISCUSSION

Defendants ask the Court to transfer venue to the Middle District of Florida under §§ 1391(b) and 1406(a). As relevant here, a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1),(2). Section 1404(a)

states, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Supreme Court has observed that § 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted). "The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice." *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

In support of the motion, Defendants allege the probate proceeding of Defendant Estate of Linda Yannone is pending in the Circuit Court of Collier County, Florida. (Doc. 2). Defendant Brian McNamara, as Personal Representative of the Estate of Linda Yannone, resides in Collier County, Florida, and is domiciled in the state of Florida. (*Id.*) Both Defendants are subject to the jurisdictional reach of the Middle District of Florida. (*Id.*) Defendants further assert the beneficiaries of the Estate of Linda Yannone are subject to the jurisdiction of the Middle District of Florida as they are residents of and domiciled in Florida. (*Id.* at 3). The "property" which is the subject matter of this litigation are 258

shares of stock issued by Plaintiff Arena and currently held and owned by Defendant Estate as and for the beneficiaries of the Estate. (*Id.*)

In response, Plaintiffs allege the claims in this case pertain to the Arena Food Service Shareholder's Agreement, which was executed in Springfield, Illinois, the location of Arena's corporate headquarters. (Doc. 9). The request to purchase the shares under the terms of the Agreement originated from this judicial district. (*Id.*) Additionally, Plaintiffs' accounting firm, Kerber, Eck, and Braeckel ("KEB"), which determined the value of the shares held by the Estate pursuant to the Agreement, is located in this district. (*Id.*) Therefore, Plaintiffs allege the Central District of Illinois is a proper venue for this suit.

Plaintiffs' Amended Complaint provides that the January 1, 2005 Agreement concerning Arena Stock entered into by Joseph A. Franz, III, Sheri Franz Madonia, and Jill Franz, Linda Yannone, and Anthony Yannone includes the following language:

> This Agreement shall be subject to and governed by the laws of the State of Illinois. Any action or proceeding arising out of or which is directly or indirectly related to this Agreement shall be commenced and maintained only in courts located in Sangamon County. Each party, by their respective execution of this Agreement, consents and submits to the jurisdiction of any state or federal court located within Sangamon County, Illinois. Each party waives any right that the party may otherwise have to transfer or change the venue of any action or proceeding brought against that party by the other party to this Agreement which arises out of or is directly or indirectly related to this Agreement.

(Doc. 22, ¶17). That agreement only involved some of the parties here, so the forum selection clause is not binding in this case. However, the Court concludes it is relevant and bolsters Plaintiffs' assertion that several of the material events relevant to this

litigation occurred in the Central District of Illinois. Because a "substantial part of the events or omissions giving rise to the claim occurred" in this judicial district, the Court concludes that venue is proper under § 1391(b)(2).

Since venue is proper in this district, an analysis under § 1406 is not warranted. The question before the Court becomes whether considerations including "the convenience of parties and witnesses" and "interest of justice" mean that this case should be transferred to the Middle District of Florida under § 1404(a). Because both Defendants reside in that Middle District of Florida, that district would also be an appropriate venue.

In considering the convenience of the parties and witnesses, Arena Foods has an office in Springfield, Illinois and is a citizen of Illinois. None of the Plaintiffs live in Florida. Three individual Plaintiffs reside in Springfield, one resides in Chicago, one resides in Nevada, and another in Arizona. Defendant McNamara resides in Florida and the Estate of Linda Yannone is a citizen of Florida. While the Court recognizes, as Defendants allege, that Zoom depositions are now a common occurrence and the physical location of witnesses and parties is less important, it remains a consideration.

Linda Yannone's accountants at the time of her death were employed by Springfield firm KEB and will likely testify to the valuation of Plaintiff's stock. Plaintiff Sherri Madonia of Springfield is also expected to testify about the Shareholders' Agreement along with the factual events leading up to the filing of this lawsuit. Plaintiffs also note that Defendants' expert witness in accounting is located in Chicago. While the Court does not know the identity of all the witnesses, it appears that the Central District of Illinois would be the more convenient venue for most of the anticipated witnesses.

The Court will next consider the convenience of the parties. This factor favors neither side. The Central District of Illinois is more convenient for Plaintiffs while the Middle District of Florida is more convenient for Defendants. Plaintiff's choice of forum is also entitled to some deference. *See Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996) ("On a motion for a change of venue, a district court considers the plaintiff's choice of forum, the convenience of the parties and the witnesses, as well as the interest of justice."). While the Court recognizes this may not be a convenient forum for Defendants, transferring the action to the Middle District of Florida would simply mean that Plaintiffs would be litigating in an inconvenient forum.

Defendants have not shown that "the convenience of parties and witnesses" and "interest of justice" require a change of venue under § 1404(a). The only factors that favor either party — convenience of the witnesses and deference to Plaintiff's choice of forum — counsel against transferring the action to the Middle District of Florida.

### III. CONCLUSION

While the Middle District of Florida is an appropriate venue under § 1391(b)(1), Plaintiffs chose to bring this action in a judicial district where venue lies under §1391(b)(2). Section 1406 is inapplicable and the Court finds no basis for a change of venue under § 1404(a). Accordingly, Defendants' Motion to Change Venue to the United States District Court for the Middle District of Florida (Doc. 3) is DENIED.

ENTER: January 16, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE