E-FILED
Friday, 05 June, 2026 02:03:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ARENA FOOD SERVICE, INC.,<br>ANGELO YANNONE, ANTHONY<br>YANNONE, ANNA YANONE, JILL<br>BONNETTE, SHAUN MOORE, and<br>SHERRI MADONIA,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ESTATE OF LINDA YANNONE<br>and BRIAN MCNAMARA, in his<br>capacity as the Personal Representative<br>of the Estate,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 25-cv-3311 |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Defendant Estate of Linda Yannone's ("Estate") Motion to Dismiss the Amended Complaint (Doc. 25) and Defendant Brian McNamara's Omnibus Motion to Dismiss Amended Complaint or, in the alternative, Transfer Venue to the United States District Court for the Middle District of Florida (Doc. 31). For the reasons that follow, Defendant's Omnibus Motion to Dismiss is Denied.

## I.  BACKGROUND

Plaintiffs filed an Amended Complaint seeking declaratory relief and specific performance relating to Plaintiff Arena Food Service, Inc.'s Shareholders' Agreement. (Doc. 22, ¶ 1). On or about December 28, 2024, Linda Yannone died while owning 258 shares of Arena stock. (*Id.* at ¶ 2). The Shareholders' Agreement contains provisions

governing the transfers of shares of Arena stock following the death of a shareholder. (*Id.* at ¶ 3). Under the terms of the Agreement, in the event of a shareholder's death, the remaining shareholders shall have the opportunity to purchase the deceased shareholder's shares at a value determined under Section 2 of the Agreement. Plaintiffs allege Defendants have refused to sell the shares formerly owned by Linda Yannone in accordance with the Agreement. (*Id.* at ¶ 4). Plaintiffs Jill Bonnette, Sherri Madonia, Shaun Moore, Angelo Yannone, Anna Yannone, and Anthony Yannone are shareholders of Arena. (*Id.* at ¶¶ 7-12).

Plaintiffs seek declaratory relief as to the price per share of the Arena stock held by the Estate and a finding that Defendant has breached the Agreement and, as a personal representative of the Estate, is obligated to extend an opportunity to purchase the Estate's remaining shares at that price. (*Id.* at ¶ 5). In Count I, Plaintiffs seek a declaration that (1) the "price per share" of the shares possessed by the Estate is $82.00 under the Agreement; and (2) the Personal Representative of the Estate of Linda Yannone is contractually obligated to sell the 258 shares of Arena stock possessed by the Estate to Arena's remaining shareholders at a "price per share" of $82.00. (*Id.* at ¶ 55). In Count II, Plaintiffs seek specific performance of the Agreement's terms. (*Id.* at ¶¶ 57-65).

II.   **DISCUSSION**

In the Estate of Linda Yannone's Motion to Dismiss and Plaintiffs' Response thereto, the parties agree that the Estate of Linda Yannone is not a proper party and can be removed as a party. (Docs. 25 at 3-4, 26 at 2-3). Therefore, the Estate of Linda Yannone is hereby dismissed as a party and the Estate's Motion to Dismiss is terminated. The

proper Defendant is Brian McNamara, in his capacity as the Personal Representative of the Estate of Linda Yannone.

Defendant's Omnibus Motion to Dismiss seeks dismissal on the following grounds: 1) the amount in controversy has not been met; 2) Plaintiffs cannot acquire personal jurisdiction over Brian McNamara individually or in his capacity as Personal Representative of the Estate of Linda Yannone; 3) Count II must be dismissed as to Plaintiff Arena Food Service, Inc. because Arena has no viable claim to enforce the stock option and specific performance is thus not available; and 4) Count II must be dismissed as to the individual Plaintiffs because no individual shareholder has exercised a stock option. Defendant also requests the Court to transfer venue and/or reconsider its Order denying the prior Motion to Transfer Venue.

### A. Amount in Controversy

Defendant contends Plaintiffs' allegation in the Amended Complaint that "the matter in controversy exceeds the sum or value of $75,000," as required to establish subject matter jurisdiction under 28 U.S.C. § 1332, is speculative.[1] In removing the action to this Court, Defendant previously alleged the amount in controversy exceeded $75,000. In fact, Defendant argued the amount in controversy was at least $1,017,772.59, based on 258 shares of Arena stock multiplied by $3,944.86 per share. (Doc. 1 at 4-6). Defendant provides no explanation as to why its position has now suddenly changed. Because the

---

[1] As Plaintiffs note, the failure to satisfy the amount in controversy would be a basis to remand the action to the Sangamon County Circuit Court and not to dismiss the case or transfer it to the United States District Court for the Middle District of Florida.

amount in controversy is satisfied, the Court has no basis to remand the action to state court.

### B. Personal Jurisdiction

Defendant next alleges Plaintiff cannot acquire in personam jurisdiction over Brian McNamara individually or in his capacity as Personal Representative of the Estate. By simply communicating with individuals who may reside in the State of Illinois through electronic means, Defendant contends McNamara is not submitting to personal jurisdiction.

The Court concludes Defendant has waived its lack of personal jurisdiction defense because it was not asserted until Defendant's Reply in support of its Motion to Change Venue to the Middle District of Florida. "Rule 12(b) directly addresses defenses, providing that every defense to a claim for relief in any pleading must be asserted in a responsive pleading if one is required, but that a party may assert certain defenses by motion, including the defense of lack of personal jurisdiction." *Hedeen Intern., LLC v. Zing Toys, Inc.*, 811 F.3d 904, 905 (7th Cir. 2016) (citing Fed. R. Civ. P. 12(b)(2)). "It further provides that a motion asserting any of those defenses must be made before a pleading if a responsive pleading is allowed." *Id.* (citing Fed. R. Civ. P. 12(b)). Defendant did not preserve its lack of personal jurisdiction defense in its Answer, Affirmative Defenses, and Counterclaim (Doc. 5) or timely raise the defense by motion. Thus, the defense is waived under Federal Rule of Civil Procedure 12(h).

## C. Motion to Reconsider Denial of Motion to Transfer Venue

Defendant asks the Court to reconsider its denial of Defendant's Motion to Transfer Venue because "new information and circumstances have been discovered that were not known or part of the Estate's Motion to Change Venue and thus not considered within the Court's Opinion." (Doc. 31). While courts have inherent authority to reconsider prior rulings, there is a strong presumption that "a court ought not to revisit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants reexamination." *Tyrer v. City of South Beloit*, 516 F.3d 659, 663 (7th Cir. 2008) (quoting *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007)). This presumption is premised on interests such as "consistency, finality, and the conservation of judicial resources, among others." *Minch*, 486 F.3d at 301.

First, Defendant alleges a change of venue is appropriate for the convenience of the parties because the probate court in Florida already has long-arm jurisdiction over entities in control and custody of Estate assets. That is not a basis for reconsideration when this Court also has jurisdiction and venue is appropriate.

Defendant next reiterates its new argument that the amount in controversy is $21,156. If so, the matter would be remanded to the Sangamon County Circuit Court, not transferred to the Middle District of Florida. For the reasons previously stated, however, the Court finds that the amount in controversy is met and subject matter jurisdiction remains under 28 U.S.C. § 1332.

Defendant's other arguments include the following: (1) two new Plaintiffs, one from Arizona and one from Nevada, were added in the Amended Complaint; (2) the

Estate has now sued Arena and its bank, INB, in Florida; (3) Brian McNamara was not served until March 6, 2026; and (4) Arena directors voted to withhold dividends from the Estate. None of Defendant's assertions in support of transferring venue constitute new facts, newly discovered evidence, or changed circumstances that warrant reconsideration of the Court's prior ruling denying Defendant's Motion to Transfer Venue. Thus, Defendant's Motion to Reconsider is Denied.

### D. Motion to Dismiss under Rule 12(b)(6)

Defendant alleges Counts I and II must be dismissed under Rule 12(b)(6) for failure to state a claim. A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Id.* To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *See id.*

In Count II, Plaintiffs seek specific performance compelling Brian McNamara, as Personal Representative, to sell the Estate's 258 shares to the individual shareholder Plaintiffs at $82 per share. Defendant contends Count II must be dismissed as to Arena Food Service, Inc. because Arena has no viable claim to enforce the stock option and thus specific performance is not available to Arena.

The Shareholders' Agreement, which is attached to the Amended Complaint, provides a calculation method for the value of shares being sold to shareholders.[2] Section Two provides in part, "The result shall be the price per share at which the shares must be offered to the corporation and the remaining shareholders." (Doc. 22 at 20). Thus, Plaintiff has plausibly alleged that the corporation, Arena, has a right to enforce the agreement as a party whose contractual rights have been violated. Therefore, Defendant's Motion to Dismiss Count II as to Arena Food Service is Denied.

Defendant next alleges Count II must be dismissed as to the individual shareholder Plaintiffs because no individual Plaintiff sought to exercise, or in fact exercised, the stock option to acquire the Estate's shares. According to Defendant, Brian McNamara noted during the April 30, 2025 annual meeting that no individual had made an offer and some shareholders had encouraged McNamara to try to sell the shares on the open market.

---

[2] Because the Shareholders' Agreement is referred to in Plaintiffs' Amended Complaint and is central to their claim, the Court considers it as part of the pleadings. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (noting it is "well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

Based on the language of Sections 1(a) and 1(b) of the Shareholders' Agreement, Plaintiffs have plausibly alleged it is the duty of the Estate to offer the shares for sale, not the duty of the shareholders to make an offer. Section 1(a) provides in part that, upon certain occurrences, "all of the shares owned by such shareholder shall be offered for sale to the other shareholders." (Doc. 22 at 19). Section 1(b) extends the option period from 90 days to 120 days upon a shareholder's death. Upon accepting the allegations of the Amended Complaint and drawing all inferences in favor of Plaintiffs, the Court finds Plaintiff has plausibly alleged that the Estate was obligated to offer the shares for sale to the shareholders or corporation on or before August 27, 2024, 120 days after Linda Yannone's death. Therefore, Defendants' Motion to Dismiss Count II is Denied.

## III.    CONCLUSION

The parties agree that an estate is not an entity that can be a party under Illinois or Florida law. Therefore, the Clerk is DIRECTED to terminate The Estate of Linda Yannone's Motion to Dismiss Amended Complaint (Doc. 25) and terminate The Estate of Linda Yannone as a party. The proper Defendant is Brian McNamara, as the Personal Representative of The Estate of Linda Yannone. Defendant's Omnibus Motion to Dismiss the Amended Complaint or, in the alternative, Transfer Venue to the United States District Court for the Middle District of Florida (Doc. 31) is DENIED.

ENTER: June 5, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE